**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 12 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

VERNON RAY BROWN,

     Petitioner-Appellant,

v.

RON CHAMPION; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

     Respondents-Appellees.

No. 97-7053
(D.C. No. CV-93-895-B)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge, **PORFILIO** and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Vernon Brown was convicted in state court of second degree burglary. He brought this petition for federal habeas corpus relief under 28 U.S.C. § 2254,

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

asserting that his Fourth Amendment rights were violated when the police searched a car left in a parking lot and the items found in the car were used as evidence against him. He also claims that his appellate counsel was ineffective in failing to raise this issue in his direct appeal.[1] The matter was referred to a magistrate judge, who recommended that the claims be dismissed as procedurally barred. The district court adopted the report, dismissed the claims, and denied Mr. Brown a certificate of appealability. We likewise conclude that Mr. Brown has failed to make the requisite showing and deny his application for a certificate of appealability.

Mr. Brown filed a direct appeal in which he asserted that his trial counsel was ineffective with respect to Mr. Brown's waiver of a jury trial. Mr. Brown also filed a petition for state post-conviction relief in which he again asserted the ineffectiveness of trial counsel, and an amended petition challenging the admission of the items found in the car search. The state district court did not rule on the car search challenge because the amended petition was filed too late, and the appellate court ruled alternatively that the claim was defaulted because it could have been brought on direct appeal. Mr. Brown has never presented his claim of ineffective appellate counsel to the state courts.

---

[1] Mr. Brown raised other claims in these proceedings, which he has abandoned in this appeal. The only issues he addresses in his appellate brief are the two set out above.

Mr. Brown alleges that his Fourth Amendment rights were violated by the search of a car parked in a lot near the scene of the burglary where Mr. Brown was arrested. The state appellate court's ruling that this claim was defaulted when it was not raised on direct appeal bars federal habeas review absent a showing of cause and prejudice or a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). Although Mr. Brown has asserted that he did not raise this issue on direct appeal due to the incompetence of his appellate counsel, as we discuss below our review of the incompetent counsel claim is itself barred by Mr. Brown's failure to raise it in state court. Mr. Brown has thus not shown cause and we therefore may not consider the car search claim absent a showing of a fundamental miscarriage of justice. To satisfy this narrow exception to procedural bar, Mr. Brown must do more than make an unsupported assertion of factual innocence. He must present evidence sufficient to undermine our confidence in the outcome of the trial. See Schlup v. Delo, 513 U.S. 298, 316 (1995). Mr. Brown has failed to make this showing, and habeas review of this claim is therefore barred.

Mr. Brown also asserts that his appellate counsel was ineffective in failing to raise the Fourth Amendment issue on appeal. Although a federal court may not hear a claim under section 2254 that has not been exhausted, the exhaustion requirement is satisfied if it is clear that the claim is procedurally barred under

state law. See Gray v. Netherland, 116 S. Ct. 2074, 2080 (1996). Such a claim is not cognizable in federal habeas proceedings unless a petitioner can show cause and prejudice, or show that a fundamental miscarriage of justice would result from the failure to consider the claim. See id. at 2080-81.

Oklahoma law provides that any claim not raised in a petitioner's first petition for post-conviction relief may not be the basis for a subsequent petition unless a sufficient reason is asserted for the failure to raise the claim earlier. See Okla. Stat. tit. 22, § 1086. Mr. Brown has not presented this claim to state courts at all and has offered no reason for his failure. The claim is therefore procedurally barred and exhausted under state law. Mr. Brown has not shown cause for his failure nor, as discussed above, has he shown a fundamental miscarriage of justice. Federal habeas review is thus precluded.

For the reasons set forth, we conclude that Mr. Brown has failed to demonstrate the denial of a constitutional right by showing that the issues raised in his appeal are debatable among jurists; that a court could resolve the issues differently; or that the questions deserve further proceedings. The certificate of appealability is **DENIED** and the appeal **DISMISSED**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

-4-